**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| XYZ CORPORATION,<br><br>PLAINTIFF,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:20-CV-04077<br><br>JUDGE ROBERT M. DOW, JR.<br><br>MAGISTRATE JUDGE SUSAN E. COX |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiff, MGA Entertainment, Inc.'s ("MGA" or "Plaintiff") motion for Entry of a Preliminary Injunction, against the defendants identified on Schedule A to the Complaint ("collectively, the Defendants"), using at least the online marketplace accounts ("Defendant Internet Stores" or "Seller Aliases") identified therein, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified*

*on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiffs' Trademarks and Copyrights. See Docket No. 10, which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the L.O.L. Surprise! Trademarks and Copyrights.

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of MGA's previously granted Motion for a Temporary Restraining Order establishes that MGA has a likelihood of success on the merits; that no remedy at law exists; and that MGA will suffer irreparable harm if the injunction is not granted.

Specifically, MGA has proved a *prima facie* case of trademark infringement because: (1) the L.O.L. Surprise! trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Plaintiff's federally registered trademarks are valid and in full force and effect; (3) Defendants are not licensed or authorized to use any of the L.O.L. Surprise! Trademarks and/or Copyrights; and, (4) Defendants' use of the L.O.L. Surprise! Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with MGA. Furthermore, Defendants' continued and unauthorized use of the L.O.L. Surprise! trademarks irreparably harms MGA through diminished goodwill and brand

confidence, damage to MGA's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage; and, therefore, MGA has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using MGA's L.O.L. Surprise! Trademarks, Copyrights and/or any reproductions, counterfeit copies or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine L.O.L. Surprise! product or not authorized by MGA to be sold in connection with MGA's L.O.L. Surprise! Trademarks and/or Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine L.O.L. Surprise! product or any other product produced by MGA, that is not MGA's nor produced under the authorization, control or supervision of MGA nor approved by MGA for sale under MGA's L.O.L. Surprise! Trademarks and/or Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of MGA, or are sponsored by, approved by, or otherwise connected with MGA;

    d. further infringing MGA's L.O.L. Surprise! Trademarks and/or Copyrights and damaging MGA's goodwill;

e. otherwise competing unfairly with MGA in any manner;

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for MGA, nor authorized by MGA to be sold or offered for sale, and which bear any of MGA's L.O.L. Surprise! Trademarks, Copyrights, and/or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Seller Aliases, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit L.O.L. Surprise! Products; and

h. operating and/or hosting websites operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing MGA's L.O.L. Surprise! trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine L.O.L. Surprise! product or not authorized by MGA to be sold in connection with MGA's L.O.L. Surprise! trademarks.

4. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Seller Aliases, and domain name registrars, shall within three (3) business days of receipt of this Order:

4

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the L.O.L. Surprise! Trademarks and/or Copyrights, including any accounts associated with the Defendants listed on the Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the L.O.L. Surprise! Trademarks and/or Copyrights; and

    c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

5. Defendants, and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites, with the Seller Aliases or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as iOffer and Alibaba, advertisers, Facebook, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alibaba, Western Union, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to MGA expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

    b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Seller Aliases, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective online marketplace accounts;

    c. Defendants' websites and/or any online marketplace accounts;

    d. The Defendant Seller Aliases or any domain name registered by Defendants; and

    e. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, WISH, Amazon, Alibaba, Western Union, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. Defendants, and any persons in active concert or participation with them, who have actual notice of this Order, shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Western Union shall, within two (2) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in the Schedule A until further ordered by this Court.

8. eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), ContextLogic, Inc. ("WISH"), Amazon Payments, Inc. ("Amazon") and Alipay US, Inc. ("Alipay") shall, within two (2) business days of receipt of this Order, for any Defendant or any Defendant Seller Aliases or websites:

   a. Locate all accounts and funds connected to Defendants, Defendants' Seller Aliases or Defendants' websites, including, but not limited to, any eBay, PayPal, WISH, Amazon and Alipay accounts connected to the information listed in the Schedule A hereto or the email addresses identified by third parties for Defendants; and

   b. Restrain and enjoin any such accounts or funds that are non-U.S. foreign based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' Seller Aliases or websites, shall within two (2) business days of receipt of this Order:

   a. Locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in the Schedule A or the email addresses provided for Defendants by third parties; and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. MGA may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, and/or by sending an e-mail to the e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "18starnet447 and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and/or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11. The Clerk of Court is directed to unseal all sealed documents in this matter, including the following: Plaintiff's Amended Complaint, Exhibit 1 to the Complaint, Exhibit 2 to the Complaint, Schedule A to the Complaint, Motion for Temporary Restraining Order and its memorandum and supporting pleadings and exhibits, Motion for Electronic Service of Process and its memorandum and supporting pleadings and exhibits, Motion to Extend the Temporary Restraining Order and its memorandum and supporting pleadings and exhibits, the Temporary Restraining Order and the Extension of the Temporary Restraining Order effective immediately.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to MGA or on shorter notice as set by this Court.

13. The $10,000 bond posted by MGA shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

Dated: 8/17/2020

_____
U.S. District Court Judge Robert M. Dow, Jr.